OPINION OF THE COURT
 

 Wesley, J.
 

 Plaintiff, Commissioner of the Department of Social Services for Columbia County, seeks to recover Medicaid benefits paid to decedent Marion F. Judson, the named beneficiary of a self-settled, irrevocable trust. The parties acknowledge that had the Department included the trust principal in its eligibility determination, decedent would not have been eligible for Medicaid benefits. Defendants contend, however, that because the Department made an administrative error that was not due to misrepresentation or fraud, the benefits should be deemed “correctly paid” to decedent within the meaning of Social Services Law § 369 (2) (b) (i) and are therefore not recoverable. We disagree, reverse the order of the Appellate Division and reinstate the order of Supreme Court.
 

 I.
 

 Marion Judson resided in a nursing home from May 1, 1989 until her death on December 26, 1995. She initially was admitted as a private-pay resident. On May 1, 1991 one of her sons submitted an application for Medicaid benefits on her behalf to the Columbia County Department of Social Services. The ap
 
 *113
 
 plication disclosed that Judson was the named beneficiary of a self-settled, irrevocable trust; a copy of the trust instrument was provided. The trust instrument stipulated that the trustee was to pay decedent the trust income and gave the trustee discretion to apply “all or such part of the principal of this trust * * * for the support, care and maintenance of [decedent] during [her] lifetime.” The initial application was denied.
 

 A second application, submitted on September 4, 1991, also contained the trust information. This time, the Department determined that Judson was eligible for Medicaid benefits. The Department included the trust income in determining her eligibility for Medicaid, but did not include the trust principal as an available resource, as it should have been. The parties do not dispute that decedent would not have been eligible for benefits if the trust principal were taken into account. From October 1991 until December 26, 1995, all income from the trust was paid directly to the Department. During this time, Judson received Medicaid benefits totaling $121,302.97 for nursing home care. At the time of her death, the trust principal was approximately $150,000.
 

 The Department commenced this action against the trustee and decedent’s sons as co-executors of her estate. (Decedent’s sons are also sole beneficiaries of the trust.) On three separate theories, the Department sought reimbursement for the funds it expended for Judson’s care. The first cause of action against all defendants was based on a section of the Social Services regulations (18 NYCRR 360-4.5) that allows County Social Service Departments to consider the corpus of certain Medicaid-qualifying trusts in eligibility determinations. The second cause of action against only the co-executors was premised on a theory that they breached their fiduciary duty in failing to obtain payment of decedent’s debts (including the incorrect Medicaid payments) from the trust corpus. The third cause of action, brought against the trustee and the co-executors, alleged a cause of action under Social Services Law § 369 (3). In this claim, the Department asserted that it could reach the trust corpus because decedent had a “beneficial interest” in the trust corpus at the time she received Medicaid benefits.
 

 Following joinder of issue, the Department and all defendants separately moved for summary judgment. The court granted partial summary judgment to the Department on its third cause of action on liability only. The court held that the Medicaid payments were incorrectly paid and relied on Social Services Law § 369 (3) to conclude that the Department was
 
 *114
 
 entitled to recover the payments from the trustee. The court ordered further discovery on the amount due the County.
 

 The Department and the co-executors cross-appealed, although the trustee did not. With regard to the third cause of action, the Appellate Division held that the benefits at issue were “correctly paid” pursuant to Social Services Law § 369 (2) (b) (i) and that the Department was therefore precluded from recovering the payments under Social Services Law § 369 (3). The court relied on
 
 Matter of Akullian
 
 (167 AD2d 596) to support its determination, reasoning that because there was no claim of fraud or misrepresentation in the application process, the benefits were “correctly paid.” The court also dismissed the first two causes of action. The court noted that the regulation in question did not create a right of recovery
 
 after
 
 an eligibility determination and that with regard to the second cause of action, the Department would have an opportunity to press its claims in Surrogate’s Court. We granted leave to appeal and now reverse and reinstate the order of Supreme Court.
 
 [1]
 

 II.
 

 Medicaid is a jointly funded Federal and State program that pays for necessary medical care for the indigent (see, 42 USC § 1396
 
 et seq.;
 
 Social Services Law § 363
 
 et seq.; Calvanese v Calvanese,
 
 93 NY2d 111, 116). The Medicaid program is intended to be the “payor of last resort” — all other available resources must be used before Medicaid (S Rep No. 146, 99th Cong, 2d Sess 1, 312, reprinted in 1986 US Code Cong & Admin News 42, 279).
 

 The Legislature has enacted a series of “recovery statutes” that define the terms under which the State can recoup Medicaid payments from recipients. One of these statutes, Social Services Law § 369 (2) (b) (i), states:
 

 “Notwithstanding any inconsistent provision of this chapter or other law, no adjustment or recovery may be made against the property of any individual on account of any medical assistance
 
 correctly
 
 
 *115
 

 paid
 
 to or on behalf of an individual under this title, except that recoveries must be pursued:
 

 “(A) upon the sale of the property subject to a lien imposed on account of medical assistance paid to an individual * * * or from the estate of such individual; and
 

 “(B) from the estate of an individual who was fifty-five years of age or older when he or she received such assistance” (emphasis added).
 

 Thus, the statute limits a Department’s ability to recover benefit payments when those payments were “correctly” made.
 

 Section 369 (2) (b) (i) does not define “correctly paid.” However, Social Services Law § 106-b, entitled “Adjustment for Incorrect Payments,” provides:
 

 “[A] social services official shall * * * take all necessary steps to correct any overpayment * * * to a public assistance recipient * * * For purposes of this section,
 
 overpayment shall include
 
 payments made to an eligible person in excess of his needs as defined in this chapter and
 
 payments made to ineligible persons”
 
 (emphasis added).
 

 In determining that the Medicaid benefits at issue here were “correctly paid” pursuant to section 369 (2) (b) (i), the Appellate Division relied on
 
 Matter of Akullian
 
 (167 AD2d 596,
 
 supra).
 
 In that case the Delaware County Department of Social Services approved decedent’s application for Medicaid benefits and paid more than $22,000 to him in the year prior to his death, despite the Department’s knowledge that within the two-year period preceding his Medicaid application, two court orders — one authorizing the transfer of decedent’s assets and one granting a divorce — were obtained in an attempt to qualify him for medical assistance. The Department attempted to recover the Medicaid payments from his estate, arguing that the benefits were incorrectly paid pursuant to Social Services Law §369.
 

 The Appellate Division concluded that because the Department had found Judson eligible for Medicaid and did not identify any fraud or misrepresentation in the application process, the benefits were “correctly paid”
 
 (id.,
 
 at 597). The court noted that while the Department was aware of the transfers, it failed to raise any concerns, although it was required by law to determine an applicant’s eligibility for medical assistance.
 

 
 *116
 
 Defendants embrace
 
 Akullian
 
 and argue that the Department’s approval of Judson’s application confirms that the benefits were “correctly paid.” They contend that the Department received full and fair disclosure of the terms of the applicant’s trust and that there was no fraud or misrepresentation in the application process. Thus, they assert, the Department may not now claim that the benefits at issue were incorrectly paid.
 

 We disagree with defendant’s position and theory.
 
 Akullian
 
 imparted a condition for the recovery of Medicaid benefits that has no basis in the statutory language. The pertinent statutes do not require a finding of fraud or misrepresentation to conclude that benefits are incorrectly paid. Furthermore, we have long recognized that a mistake does not estop a government entity from correcting errors
 
 (Matter of Parkview Assocs. v City of New York,
 
 71 NY2d 274, 282;
 
 Morley v Arricale,
 
 66 NY2d 665, 667). One employee’s mistake cannot irreversibly chart the course of the Department’s responsibilities in this regard.
 

 The statutory scheme requires Department officials to “take all necessary steps to correct any overpayment” (Social Services Law § 106-b). Overpayment includes payments made in excess of one’s needs or
 
 “payments made to ineligible
 
 persons”
 
 (id.
 
 [emphasis supplied]). Because the Department did not include the trust principal in its eligibility calculation, it paid benefits to an ineligible individual
 
 (see also, Matter of Rummer,
 
 93 AD2d 135, 177-181;
 
 Matter of Galcia,
 
 59 Misc 2d 511;
 
 Matter of Gonzalez,
 
 154 Mise 2d 633). Furthermore, overpaid benefits are not deemed “correctly paid” when they are not paid in accordance with lawful authorization. Thus, the limitations of Social Services Law § 369 (2) (b) (i), on an agency’s ability to recover benefits “correctly paid,” are not applicable here.
 
 [2]
 

 Our conclusion is consistent with similar provisions under the Federal Medicaid Act. Unlike the statutory language of other Federal assistance programs
 
 (see, e.g.,
 
 38 USC § 5302 [c] [Veterans’ Benefits]; 42 USC § 404 [Social Security]; 42 USC § 1383 [b] [1] [B] [Social Security Supplemental Income]; 45 USC § 23li [c] [Retirement of Railroad Employees]), the
 
 *117
 
 Federal Medicaid statute does not limit the right to recover benefits to those paid only as a result of fraud or misrepresentation. Thus, courts can reasonably infer that Congress intended to permit recovery of benefits even from those who mistakenly received them, regardless of fault for the source of the error.
 

 Finally, our holding is consistent with the policy underlying the Medicaid program: to provide funds to indigent individuals as the “payor of last resort” (see,
 
 Matter of Golf v New York State Dept. of Social Servs.,
 
 91 NY2d 656, 659). To adopt defendants’ rationale would circumvent that well-founded policy.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the order of Supreme Court should be reinstated.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Rosenblatt concur.
 

 Order reversed, etc.
 

 [1]
 

 . Even though the trustee did not appeal to the Appellate Division (see,
 
 Merritt Hill Vineyards v Windy Hgts. Vineyard,
 
 61 NY2d 106), that court effectively vacated Supreme Court’s decision concerning the trustee by determining that Social Services Law § 369 (3) did not apply when Medicaid benefits were “correctly paid” pursuant to Social Services Law § 369 (2) (b) (i). We therefore treat the Appellate Division order, as do the parties, as reversing the Supreme Court order with regard to the trust.
 

 [2]
 

 . Defendants do not contest the Department’s ability to recover against the trust if the limitations of section 369 (2) (b) (i) do not come into play. Thus, we do not reach the issue whether decedent — the trust beneficiary— retained a “beneficial interest” in the trust as defined by Social Services Law § 369 (3) after her death or if that interest terminated with her death.