**STEVINSON IMPORTS, INC.,**
a Colorado corporation,
Plaintiff–Appellee,

v.

**CITY AND COUNTY OF DENVER,** a municipal corporation acting through its Manager of Revenue, Defendant–Appellant.

No. 04CA2644.

Colorado Court of Appeals,
Div. III.

May 18, 2006.

Certiorari Denied Oct. 2, 2006.*

* Chief Justice MULLARKEY would grant as to the following issue:

Whether a business-owned vehicle may be registered at an address other than the business address under C.R.S. section 42-6-139(2003).

Dill Dill Carr Stonbraker & Hutchings, P.C., H. Alan Dill, Patrick D. Tooley, Denver, Colorado for Plaintiff–Appellee.

Cole Finegan, City Attorney, Maria Kayser, Assistant City Attorney, Denver, Colorado, for Defendant–Appellant.

## LOEB, J.

In this action for judicial review of administrative action pursuant to C.R.C.P. 106, the City and County of Denver appeals the district court's order reversing and remanding a hearing officer's decision upholding the assessment of sales tax against Stevinson Imports, Inc. on its sale of two motor vehicles purchased by two different business entities. We affirm and remand with directions.

Stevinson is a retail automobile dealership located in Arapahoe County, Colorado. For each car Stevinson sells, it must assess and collect tax on the vehicle for the local jurisdiction where the vehicle is intended to be registered, unless the car will be registered outside of Colorado.

At all pertinent times, Stevinson held a Denver sales tax license, as well as similar licenses from various other Colorado counties. Stevinson collects information from its customers to determine where each vehicle it sells will be registered and the amount of the applicable sales tax. In that regard, at the time of sale, Stevinson requests the purchaser's driver's license and inquires where the purchaser intends to register the car. On occasion, Stevinson uses the purchaser's credit information to help determine in which Colorado county the vehicle will be registered. If a purchaser intends to register the

vehicle outside Denver, Stevinson instructs its salesperson to ask exactly where the car will be registered and what relationship the purchaser has to this other address. In making its determination of where a vehicle should be registered, Stevinson relies, in part, on Denver's tax guide and website, which state, "If the vehicle is housed in a county other than [the purchaser's] county of residence, [the purchaser] must title and register the vehicle where it is housed."

Stevinson was audited by Denver in 2002 to ensure that it properly collected and remitted sales tax to Denver. The Denver auditor issued an assessment to Stevinson for uncollected sales tax, penalties, and interest on nine vehicle sales.

Stevinson filed a protest with the Denver Manager of Revenue and requested a hearing. In December 2003, the hearing officer concluded that Stevinson had overcome the presumption of correctness of the tax assessment on three of the nine transactions but that Denver had properly assessed the sales tax on the other six transactions.

Stevinson filed a C.R.C.P. 106 appeal in the district court, challenging the hearing officer's order upholding the remaining six transactions.

The district court affirmed Denver's tax assessment on four of the transactions involving vehicle purchases by individuals, but agreed with Stevinson that the hearing officer misinterpreted and misapplied Colorado's vehicle registration statute with respect to two transactions involving vehicle purchases by two businesses—Leprino Foods Company and Dill, Dill, Carr, Stonbraker & Hutchings, P.C. The court remanded the case for further proceedings before the hearing officer with respect to those two transactions.

Denver then brought this appeal as to the district court's order concerning the Leprino and Dill transactions.

## I. Standard of Review

C.R.C.P. 106(a)(4) provides that relief may be obtained in the district court, where a governmental body "has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy other-wise provided by law." Judicial review is strictly limited to whether the administrative body or officer has either exceeded its jurisdiction or abused its discretion, based on evidence contained in the record. *See* C.R.C.P. 106(a)(4)(I); *Widder v. Durango Sch. Dist. No. 9–R*, 85 P.3d 518 (Colo.2004).

■ In an appeal from a judgment entered in a C.R.C.P. 106 proceeding, this court is in the same position as the district court. *Empiregas, Inc. v. County Court*, 713 P.2d 937, 939 (Colo.App.1985).

■ In general, our review of administrative decisions is limited to three concerns: whether the agency has regularly pursued its authority; whether its decisions are just and reasonable; and whether its conclusions are in accordance with the evidence. *Colo. Mun. League v. Mountain States Tel. & Tel. Co.*, 759 P.2d 40, 44 (Colo.1988). A reviewing court may not substitute its judgment for that of the agency and may not modify or set aside an order that is supported by competent evidence. *Colo. Mun. League v. Mountain States Tel. & Tel. Co., supra.* We reverse final agency action only if it is arbitrary or capricious, contrary to law, an abuse of discretion, in excess of jurisdiction, based on clearly erroneous findings, or unsupported by substantial evidence. *Nededog v. Colo. Dep't of Health Care Policy & Fin.*, 98 P.3d 960, 961 (Colo.App.2004).

■ Whether an order is supported by adequate findings of fact, however, is a question of law. *Colo. Mun. League v. Mountain States Tel. & Tel. Co., supra.* Findings of ultimate fact involve a conclusion of law, or at least a mixed question of law and fact, and settle the rights and liabilities of the parties, and those findings are not binding on the reviewing body. *State Bd. of Med. Exam'rs v. McCroskey*, 880 P.2d 1188, 1193 (Colo. 1994).

■ Further, we review questions of law, such as the interpretation of a statute, de novo. *Ball Corp. v. Fisher*, 51 P.3d 1053, 1056 (Colo.App.2001). We consider the agency's interpretation in construing the statute, but its construction is advisory, not binding. *Telluride Resort & Spa, L.P. v. Colo. Dep't of*

*Revenue,* 40 P.3d 1260, 1264 (Colo.2002). Although interpretation of a statute by the agency charged with its enforcement is entitled to deference, we are not bound to defer to an agency decision that misconstrues or misapplies the law. *Ball Corp. v. Fisher, supra.*

## II. Analysis of the Applicability of Denver's Sales Tax

Denver contends that the Leprino and Dill vehicles were required to be registered in Denver and, therefore, the sales were not exempt from Denver sales tax. Additionally, Denver asserts that Stevinson is responsible for the uncollected Denver tax because the dealership was aware that Denver should have been the county of registration for the vehicles and was consequently obligated to collect and remit sales tax to Denver. We are not persuaded.

### A. Applicable Law

It is undisputed that Stevinson was required to collect all applicable sales taxes under the Denver Revised Municipal Code (D.R.M.C.). However, under the D.R.M.C., sales of automotive vehicles are exempt from taxation by Denver if the vehicles are registered and required by law to be registered outside the City and County of Denver. D.R.M.C. § 53–26(11).

Registration of motor vehicles is governed by § 42–6–139, C.R.S.2005, which is part of the Certificate of Title Act, § 42–6–101, et seq., C.R.S.2005 (the Act). That section provides:

(1) For purposes of this section, a person's residence shall be the person's principal or primary home or place of abode, to be determined in the same manner as residency for voter registration purposes . . . .

(2) Except as may be otherwise provided by rule of the director, it is unlawful for any person who is a resident of the state to register, to obtain a license for, or to procure a certificate of title to, a motor vehicle at any address other than:

(a) For a motor vehicle that is owned by a business and operated primarily for business purposes, the address where such vehicle is principally operated and maintained; or

(b) For any motor vehicle for which the provisions of paragraph (a) of this subsection (2) do not apply, the address of the owner's residence; except that, if a motor vehicle is permanently maintained at an address other than the address of the owner's residence, such motor vehicle shall be registered at the address where such motor vehicle is permanently maintained.

### B. Applicable Facts

The record shows that Leprino Foods Company purchased a 2002 Jaguar from Stevinson in August 2001, which was paid for by a company check, and Stevinson issued a receipt to Leprino. An insurance card listed Leprino as the named insured, with Leprino's business address in Denver. A note from Leprino listed an individual as the driver of the vehicle, and his Arapahoe County home address was used on the buyer's order. Leprino has no business location at that home address. The named individual operated the Jaguar and housed it at his Arapahoe County address. The record further shows that the car was registered in Arapahoe County, and all Arapahoe County taxes on the vehicle were paid by Leprino.

Similarly, the Dill law firm purchased a 2000 Jaguar from Stevinson in February 2001. The buyer's order used the firm name, the vehicle was purchased with a check from the firm, and a receipt was issued to the firm. Proof of insurance was presented in the firm name at its Denver address. The address reflected on the buyer's order was the home address of one of the law firm's partners, who resides in Arapahoe County. The record shows that the Jaguar was housed and maintained at that address and that all Arapahoe County taxes on the vehicle were paid by the law firm.

### C. Statutory Interpretation

In this case, we are called upon to interpret § 42–6–139, as applied to the Leprino and Dill transactions.

In reviewing the interpretation of a statute, a reviewing court should look first to the language of the statute, and the words and phrases therein should be given effect according to their plain and ordinary meaning. *Ball Corp. v. Fisher, supra,* 51 P.3d at 1056. When a court construes a statute, it should read and consider the statute as a whole and interpret it in a manner giving consistent, harmonious, and sensible effect to all its parts. *Welby Gardens v. Adams County Bd. of Equalization,* 71 P.3d 992, 995 (Colo.2003); *People v. Andrews,* 871 P.2d 1199, 1201 (Colo.1994). In doing so, a court should not interpret a statute in ways that defeat the legislature's obvious intent or render part of the statute either meaningless or absurd. *Reg'l Transp. Dist. v. Lopez,* 916 P.2d 1187, 1192 (Colo.1996); *People v. Bostelman,* —— P.3d ——, 2005 WL 3312826 (Colo. App. No. 04CA1223, Dec. 8, 2005). "When interpreting tax statutes, a court should not view the power to impose taxes expansively, and should resolve doubts in favor of the taxpayer." *Ball Corp. v. Fisher, supra,* 51 P.3d at 1056.

Here, the hearing officer found that the Leprino and Dill vehicles, though purchased by businesses, were driven by employees and housed at their respective residences in Arapahoe County. The hearing officer concluded that § 42–6–139(2)(a) applies to all vehicles owned by businesses and that § 42–6–139(2)(b) applies only to vehicles owned by natural persons. As a basis for this determination, the hearing officer reasoned that, for the purposes of § 42–6–139, the term "person" refers only to natural persons and not corporations. Further, the hearing officer found that § 42–6–139(2)(a) requires business-owned vehicles to be registered at a business location, and that such vehicles could not be registered at a natural person's residence. Therefore, the hearing officer held that, because the Leprino and Dill vehicles were purchased by businesses having business locations in Denver rather than Arapahoe County, Denver was the proper place for their registration.

The district court concluded that the hearing officer misconstrued and misapplied § 42–6–139 with respect to business-owned vehicles. The court held that, pursuant to § 42–6–139(2)(a), the proper registration address of a business-owned vehicle depends, in the first instance, on whether the vehicle is operated primarily for business purposes. If it is, the court further concluded that such a vehicle must be registered at the address where the vehicle is principally operated and maintained, whether that address is a business location or personal residence. The district court then held that, if a business-owned vehicle is not operated primarily for business purposes (including business-owned vehicles operated primarily for personal use), registration is governed by § 42–6–139(2)(b), and that such a vehicle must be registered at the address of the business, unless the vehicle is permanently maintained at another address. Accordingly, the court remanded the case for further findings by the hearing officer consistent with the court's interpretation of the statute.

On appeal, Denver contends that the hearing officer correctly interpreted the statute, and Stevinson contends that the district court correctly interpreted the statute. We agree with Stevinson and thus affirm the district court's order reversing the hearing officer's decision and remanding the case for additional findings.

We first reject the hearing officer's conclusion that the term "person," as used in § 42–6–139(2), refers only to natural persons and not business entities. Under § 42–6–102(13), C.R.S.2005, the term "person" means "natural persons, associations of persons, firms, limited liability companies, partnerships, or corporations," and we perceive nothing in the context of that term's use in § 42–6–139(2) that would require another definition. *See also* § 42–1–102(69), C.R.S.2005 (defining "person," for purposes of the Uniform Motor Vehicle Law, in the same way as § 42–6–102(13)).

Additionally, we conclude the hearing officer erred by holding that § 42–6–139(2)(a) applies to all vehicles owned by business entities and that § 42–6–139(2)(b) applies only to vehicles owned by natural persons.

Under the plain language of the statute, a vehicle does not necessarily qualify for registration under § 42–6–139(2)(a) sim-

ply because it is owned by a business. Rather, although ownership by a business is one criterion, the vehicle must also be operated primarily for business purposes.

Contrary to the hearing officer's conclusion, if § 42–6–139(2)(b) were interpreted to apply only to vehicles owned by natural persons, vehicles that are owned by a business but operated primarily for personal or non-business purposes would not be covered under the registration statute, which, in our view, would lead to an absurd result. *See Reg'l Transp. Dist. v. Lopez, supra.* Further, the term "owner" under the Act means "a person or firm in whose name the title to a motor vehicle is registered." Section 42–6–102(12), C.R.S.2005. Thus, the use of the term "owner" in § 42–6–139(2)(b) plainly contemplates the applicability of that subsection to business entities as well as natural persons. This conclusion is further supported by the introductory clause to § 42–6–139(2)(b), which states: "For any motor vehicle for which the provisions of paragraph (a) of this subsection (2) do not apply . . . ."

To avoid an absurd result in the interpretation of § 42–6–139(2)(b), the hearing officer interpreted § 42–6–139(2)(a) to include all business-owned vehicles, regardless of purpose of operation, and concluded that all business-owned vehicles must be registered in the county in which the business is located. However, as we have concluded, such an interpretation is not consistent with the plain language of § 42–6–139(2)(a) and would render the words "and operated primarily for business purposes" in that statutory subsection meaningless.

Therefore, we conclude that § 42–6–139(2)(a) applies to vehicles that are both (1) owned by a business and (2) operated primarily for business purposes, and that § 42–6–139(2)(b) applies to all other vehicles, including business-owned vehicles that are not primarily operated for business purposes, such as those primarily used for personal purposes.

We also reject the hearing officer's conclusion that under § 42–6–139(2)(a), the registration address for a business vehicle must be a business location. The hearing officer did not cite any authority for this conclusion, and, again, it is contrary to the plain language of the statute itself. Rather, the plain language of § 42–6–139(2)(a) provides that the registration address for a business-owned vehicle is the address where such vehicle is principally operated and maintained. Nothing in the language of the statute indicates that this address cannot be an individual residence and must always be the address of the business. Similarly, for vehicles that are subject to registration under § 42–6–139(2)(b), the proper registration address is either the address of the owner's business or personal residence, or the address at which the motor vehicle is permanently maintained.

Our interpretation of this statutory framework is also consistent with the overall purpose of vehicle registration, which is primarily a taxation scheme designed to help recoup the public costs incurred as a result of vehicle use. *See Sifuentes v. Weed,* 186 Colo. 109, 115, 525 P.2d 1157, 1160 (1974). Registration funds are intended to benefit the locale bearing the greatest burden with respect to the particular vehicle's operation. *See Sifuentes v. Weed, supra* (Colorado registration inapplicable to vehicles which are not to be operated on Colorado highways).

Accordingly, we conclude that the hearing officer abused his discretion by misconstruing and misapplying § 42–6–139 and that the district court correctly set aside the hearing officer's decision upholding the sales tax assessments on the Leprino and Dill vehicles.

We also agree that the case must be remanded to the hearing officer for further findings. On remand, the hearing officer should conduct further proceedings to determine, first, whether the Leprino and Dill vehicles were operated primarily for business purposes. If so, consistent with the language of § 42–6–139(2)(a), the hearing officer should then determine the address where each vehicle is principally operated and maintained. If not, the hearing officer should apply the standard set forth in § 42–6–139(2)(b) and determine whether each vehicle is permanently maintained at an address other than the Denver business addresses of Leprino and the Dill firm.

The order is affirmed, and the case is remanded to the district court with directions to remand to the Denver Manager of Revenue for further proceedings consistent with this opinion.

Judge TAUBMAN and Judge PLANK ** concur.