Matter of Whitfield v Annucci (2018 NY Slip Op 08601)





Matter of Whitfield v Annucci


2018 NY Slip Op 08601


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

526499

[*1]In the Matter of JOHN D. WHITFIELD, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: November 15, 2018

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


John D. Whitfield, New York City, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Allyson B. Levine of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the Supreme Court (Ferreira, J.), entered February 9, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision denying petitioner's request for a certificate of relief from disabilities.
In 2012, petitioner was released from the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS) to parole supervision. In 2017, petitioner applied for a certificate of relief from disabilities (hereinafter CRD). DOCCS determined that petitioner was ineligible and denied his application. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging DOCCS's decision as irrational and arbitrary and capricious, and seeking an order to compel DOCCS to issue the CRD. Supreme Court, finding a rational basis in the record for the determination, dismissed the petition. Petitioner appeals.
We affirm. A person eligible for a CRD is one "who has been convicted of a crime or of an offense, but who has not been convicted more than once of a felony" (Correction Law § 700 [1] [a]). In determining the number of felony convictions, Correction Law § 700 (2) (b) provides that "[t]wo or more convictions of felonies charged in two or more indictments or informations, filed in the same court prior to entry of judgment under any of them, shall be deemed to be one conviction." Here, petitioner was sentenced in May 1988 to a prison term of 1 to 3 years following his plea of guilty to criminal possession of a controlled substance in the third degree. Subsequently, in July 1988, petitioner, while in the custody of DOCCS, was arrested on five felony charges, including murder in the second degree. He was ultimately convicted of all five charges and sentenced, in December 1989, to an aggregate prison term of 25 years to life, which sentence was to run concurrently with the previously imposed 1988 sentence. As the [*2]record establishes that petitioner was convicted and sentenced on the first indictment prior to the second felony indictment being filed, Correction Law § 700 (2) (b) is inapplicable. As such, petitioner is statutorily ineligible for a CRD (see Correction Law § 700 [1] [a]). Despite the fact that petitioner's parole notices erroneously indicated that he was eligible for CRD, DOCCS is not estopped from correcting such error in order to comply with its statutory authority (see Correction Law § 700 [1] [a]; [2] [b]; see generally Oxenhorn v Fleet Trust Co. , 94 NY2d 110, 116 [1999]).
Egan Jr., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.