New York City Hous. Auth. v Oakman (2020 NY Slip Op 03201)





New York City Hous. Auth. v Oakman


2020 NY Slip Op 03201


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Renwick, J.P., Gische, Webber, Oing, Moulton, JJ.


452706/15 11622A 11622

[*1] New York City Housing Authority, Plaintiff-Respondent,
v
Michael Oakman, Defendant-Appellant.


Kishner Miller Himes P.C., New York (Jonathan Cohen of counsel), for appellant.
Simon Meyrowitz & Meyrowitz, P.C., New York (Matthew Kugler of counsel), for respondent.



Judgment, Supreme Court, New York County (David B. Cohen, J.), entered November 30, 2018, awarding plaintiff the total amount of $74,089.51, pursuant to an order, same court and Justice, entered on or about September 17, 2018, which granted plaintiff's motion for summary judgment, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Defendant owned a two-family house and resided in the first floor unit. In September 2001, defendant entered into a housing assistance payment (HAP) contract with plaintiff New York City Housing Authority (NYCHA) based on the tenancy of a female who resided with her two children in a separate second floor unit in defendant's house. Thereafter, in August 2003, defendant and the tenant became the parents of a child, who resided with the tenant in her second floor unit. Defendant and the tenant later had two additional children who also resided with the tenant in the second floor unit. Defendant received housing assistance payments based on the tenancy until June 2014.
Plaintiff commenced this action in 2015 for alleged breach of the HAP contract based on defendant's receipt of the housing assistance payments at a time when he was not eligible to receive them because of his parental relationship with three of the tenant's children.
We find that the court properly granted plaintiff summary judgment. Defendant had a continuing obligation under the HAP contract to inform plaintiff of changes in his family composition that affected his eligibility for the housing assistance payments. During the term of the contract defendant was required to certify that the family receiving the housing assistance benefits did not include his child(ren). Further it was clear from the contract that the obligation was continuing (see form HUD—52641—A (3/2000), ref Handbook 7420.8).
While defendant contends that pursuant to 24 CFR 982.306(d), the restriction upon his receipt of housing assistance payments applied only when the tenant was first approved for housing assistance benefits, at which time there was no child of his living with the tenant, it is clear that the HAP contract imposed a continuing obligation on defendant to notify plaintiff of any changes during the "contract term."
The motion court properly found that the doctrines of equitable estoppel, waiver and acquiescence were inapplicable. The doctrine of equitable estoppel only applies where a governmental subdivision acts wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice (see Bender v New York City Health & Hospitals Corp., 38 NY2d 662, 668 [1976]; Delacruz v Metropolitan Transp. Auth., 45 AD3d 482 [1st Dept 2007]). Defendant failed to show that plaintiff, acting in a governmental capacity acted wrongfully, negligently or induced defendant to continue receiving housing assistance payments at a time when he was ineligible to receive them. Defendant also failed to show how his position changed to his detriment.
Further, the HAP contract expressly stated that plaintiff's failure to exercise a right or [*2]remedy under the contract did not constitute a waiver of the right or remedy (see Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev., 10 NY3d 776, 779 [2008]; Matter of Scheurer v New York City Employees' Retirement Sys., 223 AD2d 379 [1st Dept 1996]). Finally, even if plaintiff erroneously continued to make housing assistance payments to defendant at a time when it knew that he was ineligible to receive them, a mistake does not estop a governmental entity from correcting errors (see Oxenhorn v Fleet Trust Co., 94 NY2d 110, 116 [1999]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK