The **PEOPLE** of the State of Colorado, **Petitioner-Appellee, In the Interest of M.H., Child,**

**and concerning J.H., Respondent-Appellant.**

No. 82CA1486.

Colorado Court of Appeals, Div. II.

Feb. 2, 1984.

Rehearing Denied March 8, 1984.

Certiorari Denied June 25, 1984.

Raymond C. Frenchmore, Littleton, Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for petitioner-appellee.

John P. Leopold, Littleton, for respondent-appellant.

Martin A. Mansfield, Jr., Littleton, Guardian Ad Litem.

SMITH, Judge.

In this termination of parental rights case, the trial court, after a hearing, ordered termination of the parental rights of mother, J.H., relative to her child, M.H. Mother's arguments on appeal present essentially two questions: (1) Did the motion to terminate contain sufficient factual allegations to allow mother adequately to prepare for the termination hearing? and (2) Was the evidence sufficient to sustain the trial court's termination of parental rights? We affirm.

This case was commenced in April 1980 by a filing of a dependency and neglect action. Based upon the trial court's finding that M.H. was suffering from a "failure to thrive" syndrome, and that her physical development was seriously deficient, the child was removed from the care of the mother, and placed in foster care. Psychiatric evaluations conducted shortly thereafter disclosed that the mother was suffering from a mental illness which made it difficult, if not impossible, for her to care for M.H.

M.H. began to grow, thrive, and put on weight in foster care. Foster care was continued, with weekly visitation by the mother. This situation existed until October 1981, while the mother participated informally in mental health counselling and parenting classes.

In October 1981, an adjudicatory hearing found M.H. dependent and neglected. A dispositional hearing was held on December 2, 1981, at which time a treatment plan was presented and approved. The overall goal of the treatment plan was to achieve three-day weekend visitations, which the mother could maintain on an ongoing basis until the review hearing scheduled for March 1982. By the March 1982 hearing, the mother had failed to achieve even a successful half-day visitation with M.H., and in March, a motion for termination of

the parent/child relationship was filed. A subsequent treatment plan was adopted, to be in effect until the motion could be heard in June.

Between the date of the promulgation of the first treatment plan and the termination hearing, the mother, in accordance with the plan, participated in mental health counselling and parenting classes, and underwent several additional psychiatric and psychological examinations, including one by a psychiatrist appointed at her request. After the July 27, 1982, hearing, the court entered an order terminating J.H.'s parental rights relative to M.H.

## I.

### Sufficiency of the Motion

■ The allegations set forth in the motion for termination of parent/child relationship are as follows:

"That the children G.H. and M.H. have been adjudicated neglected and dependent on October 2, 1981; that an appropriate treatment plan approved by the court has not been reasonably complied with or has not been successful; that the respondent is unfit; that the conduct or condition of respondent is not likely to change within a reasonable time."

We conclude that these allegations constitute an appropriate recitation of the factual grounds for termination under § 19–11–103(1), C.R.S. (1978 Repl.Vol. 8). While these factual allegations are couched in the words of the statute, the record demonstrates that from the time of the adjudicatory hearing more than a year and a half before the termination, the mother, as well as her counsel, had been made aware of the specific problems and deficiencies in her parenting which were the basis of the motion for termination. She was not, therefore, prejudiced by the lack of specific evidentiary allegations in the motion.

## II.

■ The evidence at the hearing found all the psychiatric and psychological witnesses in agreement, including the doctor appointed at the mother's request. Each concluded that, while the treatment plan had been appropriate, the mother was suffering from a mental illness of such a nature that she was unable to provide reasonable parental care and supervision to M.H., and that she was wholly unlikely, within a reasonable period of time, to be able to care for the ongoing physical, mental, and emotional needs of M.H.

Our reading of the record convinces us the evidence was not only clear and convincing, as required by *People in the Interest of A.M.D.*, 648 P.2d 625 (Colo.1982), but that it was essentially unrefuted. The evidence, therefore, justified the trial court's findings and conclusions that (1) an appropriate treatment plan had been adopted; (2) it was unsuccessful; (3) the mother because of her inability to give the child reasonable care was unfit; and that (4) her condition was unlikely to change within a reasonable time. These supported findings and conclusions are sufficient under § 19–11–105, C.R.S. (1978 Repl.Vol. 8) to justify termination.

■ This case presents yet another situation wherein a natural mother loves her child, but is unable, through no specific fault of her own, to provide the child with the necessary parental care to enable that child to thrive, grow, and reach maturity. It was to ensure these benefits for a child under these circumstances that the statute was enacted.

Judgment affirmed.

VAN CISE and KELLY, JJ., concur.