The PEOPLE of the State of Colorado, Plaintiff–Appellee,

In the Interest of T.S.B., a child, and concerning B.B. and M.D.R., Respondents–Appellants.

No. 86CA1729.

Colorado Court of Appeals, Div. I.

May 12, 1988.

Rehearing Denied June 16, 1988.

Certiorari Granted Oct. 11, 1988.

Harden, Schmidt, Hass and Zier, P.C., Richard M. Stillwell, Fort Collins, for plaintiff-appellee.

John M. Cross, Fort Collins, for respondent-appellant B.B.

PIERCE, Judge.

B.B., mother, appeals an order of the trial court terminating the parent-child legal relationship between her and her son, T.S.B. We affirm.

I.

Mother first contends that the trial court erred in determining that the psychologist-client privilege could not be invoked to exclude the testimony of the clinical psychologist appointed by the court under § 19–11–107, C.R.S. (1986 Repl.Vol. 8B). We disagree.

Section 13–90–107(1)(g), C.R.S. (1987 Repl.Vol. 6A) provides that:

"A licensed psychologist shall not be examined without the consent of his client as to any communication made by the client to him or his advice given thereon in the course of professional employment...."

This psychologist-patient privilege may be waived either expressly or implicitly, with such waiver really being a form of consent to disclosure. *Clark v. District Court,* 668 P.2d 3 (Colo.1983).

Section 19–11–107, C.R.S. (1986 Repl.Vol. 8B) provides that:

"(1) An indigent parent has the right to have appointed one expert witness of his own choosing whose reasonable fees and expenses, subject to the court's review and approval, shall be paid by the state of Colorado pursuant to section 19–11–110.

(2) All ordered evaluations shall be made available to counsel at least fifteen days prior to the hearing."

This section contemplates the waiver of any privileged communication under § 13–90–107, C.R.S. (1987 Repl.Vol. 6A). Subsection (1) makes clear the appointment of one expert "witness." Also, subsection (2) requires that all ordered evaluations be made available to counsel at least fifteen days prior to the hearing for termination of parental rights.

■ In the context of this statute, we interpret the word "counsel" to be in the plural and conclude that it refers to counsel for all parties in such an action. Therefore, by taking advantage of the procedures available under § 19–11–107, an individual submits to the disclosure of the evaluation to all parties, thereby waiving any psychologist-patient privilege that may have attached. *See Clark v. District Court, supra.* The fact that the evaluation proves unfavorable to the parent is not a sufficient basis to preclude its admission.

## II.

Mother next contends that the treatment plan was inappropriate because it incorporated the provisions set forth in a letter dated August 12, 1985. We disagree.

Although the dispositional order recites that it is incorporating the letter, the letter is a placement report which does not purport to set forth treatment plan provisions. Furthermore, the dispositional order indicates that the treatment plan, as set forth in the letter, addressed mother's transportation problem; the letter is silent as to this issue. Accordingly, the dispositional order is ambiguous, and we must look to the entire record to resolve the ambiguity. *See People in Interest of A.H.*, 736 P.2d 425 (Colo.App.1987).

The evidence adduced at the termination hearing reveals that the treatment plan adopted here was the same as that previously adopted with respect to mother's other child. It further shows that mother understood the provisions of the treatment plan and that she undertook to comply with them. Finally, the evidence shows that the treatment plan was designed to eliminate the factors which necessitated intervention into the family and that it was realistic in light of existing facts. Thus, the treatment plan was appropriate. *See People in Interest of M.M.*, 726 P.2d 1108 (Colo.1986).

## III.

Mother finally contends that she was not given a reasonable amount of time in which to comply with the treatment plan. Again, we disagree.

■ The treatment plan was adopted in December 1985; a motion for termination of parental rights was filed in June 1986; and the termination hearing was conducted in September 1986. Evidence adduced at the termination hearing showed that the nine months between the adoption of the treatment plan and the hearing was a reasonable amount of time in which to comply with the treatment plan. *See* § 19–3–111(1)(e)(II), C.R.S. (1986 Repl.Vol. 8B).

Judgment affirmed.

CRISWELL and HUME, JJ., concur.