The PEOPLE of the State of Colorado, Petitioner–Appellee,

In the Interest of C.S.M., a Child,

and Concerning K.M.
Respondent–Appellant.

No. 89CA0926.

Colorado Court of Appeals,
Div. VI.

July 5, 1990.

Rehearing Denied Aug. 23, 1990.

Certiorari Denied Feb. 25, 1991.

Juliet F. Miner, Sp. County Atty., Castle Rock, for petitioner-appellee.

Darrell J. Gubbels, Castle Rock, guardian ad litem.

Fortune & Lawritson, P.C., Joseph A. Davies, Denver, for respondent-appellant.

Opinion by Chief Judge STERNBERG.

K.M., the mother, appeals from the judgment terminating her parent-child legal relationship with her child, C.S.M. We affirm.

The mother suffers from a "borderline personality disorder." The treatment plan initially adopted when the child was adjudicated dependent and neglected provided for out-patient treatment for the mother. Subsequently, the plan was modified to arrange for psychological evaluations. Because the evaluations recommended in-patient treatment for the mother, the court again modified the plan, directing the Department of Social Services to assist the mother in finding an in-patient program. Thereafter, on a motion to terminate, the trial court found that, because of the nature of her problem, no institutions were willing to accept the mother in an in-patient program and that, therefore, no available treatment plan had a chance of success.

## I.

The mother contends that the trial court erred in determining that it was impossible to devise an appropriate treatment plan for her because the recommended in-patient treatment was never implemented. We disagree.

■ An "appropriate treatment plan" is one "reasonably calculated to render the particular respondent fit to provide adequate parenting to the child within a reasonable time and which relates to the child's needs." Section 19–3–508(1)(e)(I), C.R.S. (1989 Cum.Supp.). The appropriateness of a treatment plan must be measured against the factors which existed at the time of adoption of the plan and must be evaluated by its likelihood of success in reuniting the family. *People in Interest of M.M.*, 726 P.2d 1108 (Colo.1986); *People in Interest of A.H.*, 736 P.2d 425 (Colo.App. 1987).

When the Children's Code was repealed and reenacted in 1987, an additional basis for termination of the parent-child legal relationship was adopted. Section § 19–3–604(1)(b) C.R.S. (1989 Cum.Supp.)

states that the court may order termination upon a finding:

"That the child is adjudicated dependent or neglected and the court has found by clear and convincing evidence that no appropriate treatment plan can be devised to address the unfitness of the parent or parents. In making such a determination, the court shall find one of the following as the basis for unfitness:

"(I) Emotional illness, mental illness, or mental deficiency of the parent of such duration or nature as to render the parent unlikely within a reasonable time to care for the ongoing physical, mental, and emotional needs of the child...."

This subsection was added to the criteria for termination to cover those situations in which an appropriate treatment plan could not be devised and, thus, would not succeed in reuniting the family. *See* House Judiciary Committee hearing, April 14, 1987 (Testimony of Judge Borchers relating to the objective of avoiding the futility of proceeding with a treatment plan doomed to failure). *See generally People in Interest of M.M., supra.*

██ In this case, the mother had not responded to out-patient treatment for her mental problem, and evaluators consistently recommended in-patient treatment as the only possible means to help her, although they considered her prognosis guarded even then. Evidence was introduced to the trial court which showed that no in-patient program for the mother's particular problem was available. Therefore, because treatment for the mother's illness was not available, we agree with the trial court that an appropriate treatment plan could not be devised. *Cf. People in Interest of C.B.,* 707 P.2d 1046 (Colo.App.1985) (insight disorders are generally not treatable). In its order, the court properly gave primary consideration to the physical, emotional, and mental conditions and needs of the child as required by § 19–3–604(3), C.R.S. (1989 Cum.Supp.).

██ In affirming this judgment, we reject the mother's argument that in-patient treatment must be offered in order to determine whether it will be successful. This argument relies on the provisions of § 19–3–604(1)(c), C.R.S. (1989 Cum.Supp.), which base termination on the lack of success of an appropriate treatment plan rather than on the impossibility of devising an appropriate treatment plan.

## II.

██ The mother also contends that she could become fit to provide adequate parenting in less than six years, which is a reasonable time under § 19–3–604(1)(b)(III), C.R.S. (1989 Cum.Supp.). We reject this contention because that subsection is applicable only to long term confinement, which was not the basis of the termination order here. *See* § 19–3–604(1)(b)(I), C.R.S. (1989 Cum.Supp.). *See also People in Interest of T.S.B.,* 757 P.2d 1112 (Colo.App.1988) (nine months a reasonable time); *People in Interest of M.H.,* 683 P.2d 807 (Colo.App. 1984) (mother's failure to improve with therapy supported conclusion that she was unlikely to be able to care for the child within a reasonable time).

## III.

██ The mother also contends that termination violates her right to due process and equal protection under the Fourteenth Amendment arguing that her inability to pay for mental health care was the deciding factor. The trial court found that the mother's ability to pay was not dispositive of the availability of treatment, but that mental health institutions refused to accept her on an in-patient basis because of the nature of her mental illness. This finding is supported by the record and the applicable law; thus, it will not be disturbed on review. *See People in Interest of C.A.K.,* 652 P.2d 603 (Colo.1982).

Judgment affirmed.

HUME and NEY, JJ., concur.