FITZSIMMONS, J.
The State of Louisiana, Department of Social Services, through the Office of Community Services (OCS), was awarded legal custody of the minor child, W.B. The Social Security Administration (SS), designated the OCS as the “representative pay *282 ee” for SS benefits paid by SS for the benefit of W.B. The mother of the child, R.B.H., filed a motion in the juvenile court for East Baton Rouge Parish for a case review hearing on the issues of legal custody. She also asked the juvenile court to “give [R.B.H.] the use and benefit of the [SS benefit] check.” A hearing was held on June 10, 1997. The juvenile court was disturbed by the OCS’s inability to explain, during the hearing, the administrative designations and codes for payment to providers. By written judgment dated and signed January 6, 1998, the juvenile court maintained legal custody with the OCS. However, it ordered the OCS to pay the mother $4510. The monetary award represented the SS benefits received by the OCS for W.B., from September, 1996 through June, 1997, minus a reimbursement to the OCS for some of the items purchased by the OCS for W.B. The OCS filed a motion for a new trial. In its motion, OCS asserted that the state court did not have jurisdiction to order the payment of the SS benefits to the mother. The trial court denied the motion.
On the issue of the monetary award of the SS benefits to the mother, the OCS appealed. The OCS argues that the juvenile court was without jurisdiction to order the OCS to pay $4510 to the mother. We agree. We vacate the monetary award to the mother, R.B.H.
The SS benefits program is a federal program. See Social Security, Chapter 7, 42 U.S.C, § 401, et seq. The decision to appoint, and the designation of a “representative payee,” is made by the SS. 42 U.S.C. §§ 405(j) & 1383(a)(2)(A)(ii) & (B)(i); 20 C.F.R. § 404.2001, et seq. The “representative payee” does not automatically change based on the physical custody of the child. If a question arises concerning the decision to appoint or the need to change a “representative payee,” or the possible misuse of funds, the SS has statutory procedures to address those issues. See, e.g., 42 U.S.C. § 406(j)(1), (j)(2)(E)(i) & (j)(5); § 1383. A party may obtain a review of a final decision of the Secretary of the SS in the appropriate federal district court. 42 U.S.C. § 405(g). The right to future SS benefit payments may not be transferred or assigned. 42 U.S.C. § 407.
The record contains evidence of expenses paid by the OCS, on behalf of W.B. These monies were paid to providers for some of the child’s needs during the time period in question. [ ¡Although the mother’s motion for case review alleged that the mother was unable to “purchase clothing and other needed items for the child,” nothing in the record suggests that the mother requested items or payments from the OCS for the child’s needs. Nor is there anything indicating that the OCS denied requests from the mother. In her motion, the mother did not ask for reimbursement. Instead, she asked for the “use and benefit of the [SS] check.” Thus, the issue before the juvenile court was not payment or reimbursement for the child’s needs, but a request for control of the “check.”
Understandably, the juvenile court was frustrated by the OCS’s inability to explain exactly what the providers furnished on behalf of W.B. That inability, however, did not provide a basis for changing the payee for the previous ten months from the OCS to the mother. The juvenile court’s order in this case, though made after the payments were received from the SS by the OCS, effectively changed the “representative payee.” This action bypassed the requisites of the United States Code. A request to change the “representative payee” is a question for the federal agency, the SS, with possible review by the federal courts. Thus, under the facts of this case, the state court did not have the necessary subject matter jurisdiction; that is, it did not have the authority or power to change the “representative payee,” or order an award of benefits that effectively changed the “representative payee” for September of 1996 through June of 1997.
*283 The OCS did not object at the hearing to jurisdiction by the juvenile court. However, subject matter jurisdiction cannot be waived or conferred by consent of the parties. Harding v. Jackson, 96-2273, p. 3 (La.App. 1st Cir.11/7/97); 701 So.2d 1386, 1388.
For these reasons, we vacate the juvenile court’s order to the OCS to pay $4610 to the mother. The motion by the mother, R.B.H., to “give [her] the use and benefit of the [SS] check” should have been denied by the trial court for lack of subject matter jurisdiction. Costs of the appeal, $483.98, are assessed to the State of Louisiana, Department of Social Services, Office of Community Services.
ORDER OF PAYMENT VACATED.