**THE PEOPLE OF THE STATE OF COLORADO, Petitioner– Appellee,**

**In the Interest of D.C–M.S. and A.C–G.S., Children, and Concerning L.S., Respondent–Appellant.**

**No. 04CA0924.**

Colorado Court of Appeals, Div. V.

Feb. 24, 2005.

Certiorari Denied May 16, 2005.

Mary Deganhart, County Attorney, Pagosa Springs, Colorado, for Petitioner–Appellee.

Davide C. Migliaccio, Colorado Springs, Colorado, for Respondent–Appellant.

HAWTHORNE, J.

L.S. (mother) appeals from a judgment terminating the parent-child legal relationship between her and her children, D.C–M.S. and A.C–G.S. We affirm.

I.

Mother contends that the order of termination must be reversed because it was based on two different statutory grounds, § 19–3–604(1)(b) and (c), C.R.S.2004. She maintains that the introductory language of

§ 19–3–604(1) requires that an order of termination be based on only one statutory ground for termination. We disagree.

Section 19–3–604(1), C.R.S.2004, provides that the trial court "may order a termination of the parent-child legal relationship upon the finding by clear and convincing evidence of any one of the [statutory grounds set forth therein]."

Under § 19–3–604(1)(b), a trial court may terminate the parent-child legal relationship if clear and convincing evidence establishes that an appropriate treatment plan cannot be devised to address the unfitness of the parent. To terminate the parental rights under § 19–3–604(1)(c), a trial court must find, among other things, that an appropriate treatment plan, approved by the court, has not been complied with by the parent or has not been successful in rehabilitating the parent. Section 19–3–604(1)(c)(I); *People in Interest of A.M.D.*, 648 P.2d 625 (Colo.1982).

■ A treatment plan is appropriate if it "is reasonably calculated to render the particular [parent] fit to provide adequate parenting to the child within a reasonable time" and "relates to the child's needs." Section 19–1–103(10), C.R.S.2004. The purpose of a treatment plan is to preserve the parent-child relationship by assisting the parent in overcoming the problems that led to the dependency adjudication. Its appropriateness is measured by the likelihood of success in reuniting the family, which must be assessed in light of the facts existing at the time of its approval. *People in Interest of M.M.*, 726 P.2d 1108 (Colo.1986).

■ The credibility of the witnesses and the sufficiency, probative effect, and weight of the evidence, as well as the inferences and conclusions to be drawn from it, are within the discretion of the trial court. Thus, a trial court's findings and conclusions will not be disturbed on review if the record supports them. *People in Interest of C.A.K.*, 652 P.2d 603 (Colo.1982).

We reject mother's argument that the introductory language of § 19–3–604(1) requires an order of termination to be based on only one of the statutory grounds for termination. Reading the statute as a whole and attributing the common, ordinary meaning to the statutory language, *see Catholic Charities in Interest of C.C.G.*, 942 P.2d 1380 (Colo.App.1997), we conclude that § 19–3–604(1) permits termination so long as at least one of the statutory grounds has been established by clear and convincing evidence. Had the General Assembly intended otherwise, it could have expressly limited termination orders to "only one" statutory ground, instead of "any one" of the statutory grounds. *See Nededog v. Colo. Dep't of Health Care Policy & Fin.*, 98 P.3d 960 (Colo.App.2004). Additionally, it would be absurd to construe the statutory language to mean that termination is permitted if one statutory criterion is met but not if more than one is met. *See Nededog v. Colo. Dep't of Health Care Policy & Fin., supra*, 98 P.3d at 963 (we avoid an interpretation that would produce an unreasonable or absurd result).

### II.

■ Mother also argues that her right to due process was violated because she did not know whether the trial court would proceed under § 19–3–604(1)(b) or § 19–3–604(1)(c). Because the motion to terminate alleged both statutory grounds as the basis for termination, mother was given adequate notice that issues concerning both would be considered during the termination hearing. *See People in Interest of M.H.*, 683 P.2d 807 (Colo.App.1984). Accordingly, we perceive no violation of mother's right to due process. *See People in Interest of M.M., supra.*

### III.

■ Finally, mother argues that the trial court's findings are inconsistent and contradictory and, therefore, are not supported by clear and convincing evidence. Again, we disagree.

■ A trial court, prior to terminating parental rights based on a dependency adjudication, must find *either* that an appropriate treatment plan has not been complied with or has not been successful *or* that an appropriate treatment plan could not have been devised. *People in Interest of M.M., supra.*

In its order, the trial court found that mother's treatment plan was appropriate and also found that an appropriate treatment plan could not be devised to address mother's unfitness. *See* § 19–3–604(1)(b)–(c). Specifically, the court's order provides as follows:

In sum, the Court finds that both children have been adjudicated dependent and neglected, and that no appropriate treatment plan can be devised to address the unfitness of Respondent as a parent. Respondent suffers from emotional and mental illness of such duration and nature as to render her unlikely within a reasonable time to care for the ongoing physical, mental and emotional needs of both children. The Court finds that an appropriate treatment plan was approved by the Court, and while compliance was reasonably attempted by Respondent, the plan has not been successful. Respondent's mental and emotional illness render her unfit, and her conduct and condition is unlikely to change within a reasonable time.

The findings of the trial court are arguably ambiguous.

When an order is ambiguous, the reviewing court is charged with the task of determining what the trial court intended in issuing the order. In so doing, the court may refer to the entire record and to the circumstances surrounding the order. *People in Interest of A.H.,* 736 P.2d 425 (Colo. App.1987).

Here, intervention was required because of physical and emotional abuse of the children. To address these problems, the treatment plan required that mother (1) visit the children regularly; (2) participate in a psychological evaluation and comply with any recommendations approved by her psychiatrist; (3) participate in weekly individual therapy sessions and family therapy upon recommendation of the children's therapist; and (4) sign releases of information. Thereafter, the treatment plan was amended to require direct feedback from the caseworker after visits and to identify specific areas to be addressed in therapy.

As found by the trial court, the treatment plan and its amendments appropriately addressed the family's problems known at the time of their approval. *See* §§ 19–1–103(10), 19–3–604(1)(c)(I); *People in Interest of M.M., supra.* Because the treatment plan was found not to have been successful, the trial court could appropriately order termination pursuant to § 19–3–604(1)(c)(I).

As the proceeding progressed, additional information about mother's mental and emotional condition became available. It revealed that mother suffered from a personality disorder which interfered with her ability to provide safe, nurturing parenting, that she was resistant to treatment, and that she required intensive, long-term individual therapy. Mother refused to acknowledge any mental or emotional health problems and, therefore, could not address them in individual therapy. Based on this evidence, the court further found that a treatment plan to address mother's condition within a reasonable time could not be devised as of the termination hearing. *See* § 19–3–604(1)(b)(I); *People in Interest of N.F.,* 820 P.2d 1128 (Colo.App.1991). This second finding, while unnecessary, sets forth an independent basis for termination pursuant to § 19–3–604(1)(b)(I).

We interpret the trial court's findings to mean that based on the information then available, an appropriate treatment plan was implemented. However, based on information developed during treatment, neither that plan nor any plan could be developed that would have rendered mother a fit parent.

Considering the entire record and the circumstances surrounding the order, we conclude the trial court's findings are neither inconsistent nor contradictory. The trial court's order sets forth two bases for termination of parental rights, each of which had record support. Accordingly, we reject mother's contention that the termination order must be reversed. *See People in Interest of A.H., supra.*

The judgment is affirmed.

Judge VOGT and Judge NIETO concur.