The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
July 30, 2020

## 2020COA118

**No. 20CA0089, *Peo in Interest of E.Q.* — Children's Code — Juvenile Court — Dependency and Neglect — Allocation of Parental Responsibilities, Parenting Time, Child Support — Child Support Guidelines**

In this dependency and neglect proceeding, a division of the court of appeals considers two matters of first impression in Colorado. The division first holds that when a juvenile court orders child support under section 19-1-104(6), C.R.S. 2019, it must comply with article 6 of the Children's Code, specifically section 19-6-106, C.R.S. 2019, and use the child support guidelines set forth in section 14-10-115, C.R.S. 2019, to compute child support. The division further holds that, consistent with the Social Security Act, the juvenile court may not order one parent to designate the other parent as the representative payee of his or her social security

disability benefits.  Accordingly, the child support judgment is reversed, and the case is remanded for further proceedings.

COLORADO COURT OF APPEALS                    **2020COA118**

Court of Appeals No. 20CA0089
Prowers County District Court No. 19JV22
Honorable Stanley A. Brinkley, Judge

The People of the State of Colorado,

Appellee,

In the Interest of E.Q. and J.Q., Children,

and Concerning R.Q.,

Appellant,

and

J.Q.,

Appellee.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE FREYRE
Terry and Lipinsky, JJ., concur

Announced July 30, 2020

Scranton Specht Associates P.C., Darla Scranton Specht, Lamar, Colorado, for Appellee

Kim R. Verhoeff, Guardian Ad Litem

Debra W. Dodd, Office of Respondent Parents' Counsel, Berthoud, Colorado, for Appellant

Roy Wallis, Office of Respondent Parents' Counsel, Mesa, Arizona, for Appellee

¶ 1     In this dependency and neglect proceeding, R.Q. (father) appeals the juvenile court's judgment ordering child support in conjunction with granting a stipulation to allocate parental responsibilities for the children to J.Q. (mother).  Although father agrees that he has a duty to support the children, he challenges the provisions in the order requiring him to release his social security disability insurance (SSDI) benefits to mother and designate her as the payee for his benefits.

¶ 2     To resolve father's appeal, we must answer two questions that have not yet been answered by Colorado's appellate courts.  First, what standard or criteria should the juvenile court apply when ordering child support in a dependency and neglect proceeding under section 19-1-104(6), C.R.S. 2019?  We hold that a court must follow the provisions for determining child support set forth in section 19-6-106, C.R.S. 2019, which, in turn, requires compliance with the child support guidelines in section 14-10-115, C.R.S. 2019.  Because the court's order failed to address the factors set forth in the child support guidelines, we reverse the child support judgment and remand the case for further proceedings.

¶ 3    Second, may a juvenile court order one parent to designate the other parent as the representative payee of his or her SSDI benefits as part of a child support order?  We hold that it may not because federal law does not permit a juvenile court to determine the designated payee of a parent's SSDI benefits.  Therefore, we reverse the court's child support judgment on this basis as well.[1]

## I.  Factual Background

¶ 4    In April 2019, the Prowers County Department of Human Services (Department) filed a dependency and neglect petition concerning sixteen-year-old E.Q. and thirteen-year-old J.Q.  The petition alleged that father had sexually abused E.Q. and had admitted to some of the abuse when mother confronted him.  The juvenile court placed the children in mother's custody under the protective supervision of the Department.  The following month, father was arrested and charged criminally.  He remained incarcerated throughout the remainder of the case.

¶ 5    The juvenile court adjudicated the children dependent and neglected based on the parties' stipulation.  It adopted a treatment

---

[1] Those portions of the judgment not challenged on appeal remain undisturbed.

plan for father. In October 2019, mother initiated a separate proceeding to dissolve her marriage to father.

¶ 6 Two months later, the parties reached a stipulation concerning parental responsibilities for the children. As pertinent here, the stipulation provided that (1) mother would be the children's custodian and have sole decision-making responsibilities; and (2) child support would be determined by the domestic relations court. Mother also filed a motion asking the juvenile court to order father to release his prior three months of SSDI benefits to her. Father filed a written objection to this motion.

¶ 7 After hearing further argument and offers of proof from the parties, the juvenile court issued an order adopting the parties' stipulation and addressing mother's motion. Finding that it had jurisdiction to consider child support in a dependency and neglect proceeding under section 19-1-104(6), the court ordered father to turn over his previous three months of SSDI benefits to mother and to restore mother as the payee of his benefits until further order of the court. It then certified the order into the parties' domestic relations proceeding.

## II.  Jurisdiction and Terms of the Stipulation

¶ 8    Father contends that the juvenile court lacked jurisdiction to issue the child support order addressing his SSDI benefits because it had already ended the case when it approved the parties' stipulation.  He reasons that, by accepting the parties' stipulation to defer child support to the domestic court, the court was precluded from entering any child support orders.  We reject father's jurisdictional argument but conclude that the court must reconsider the conflicting provisions regarding child support in the order.

### A.  Standard of Review and Law

¶ 9    Whether a juvenile court has subject matter jurisdiction is a question of law that we review de novo.  *In re Petition of E.R.S.*, 2019 COA 40, ¶ 23.

¶ 10    Subject matter jurisdiction concerns a court's authority to decide a particular matter.  *Id.* at ¶ 24; *see also In re Support of E.K.*, 2013 COA 99, ¶ 8.  Dependency and neglect proceedings are governed by the Children's Code.  *L.A.G. v. People in Interest of A.A.G.*, 912 P.2d 1385, 1389 (Colo. 1996).  The Children's Code grants a juvenile court exclusive jurisdiction over any child who is

dependent and neglected. § 19-1-104(1)(b). It also expressly authorizes a juvenile court to enter an order allocating parental responsibilities and addressing parenting time and child support matters when it maintains jurisdiction in a case involving a child who is dependent and neglected and no child custody action or action for the allocation of parental responsibilities concerning the same child is pending in a district court in this state. § 19-1-104(6).

¶ 11 In this case, the juvenile court had continuing jurisdiction over the children based on their status as dependent and neglected children. Although mother initiated a separate domestic relations proceeding, no party asserted that a custody or parental responsibilities action was pending in that case. Consequently, the domestic relations proceeding did not affect the juvenile court's jurisdiction to determine child support.

¶ 12 Father asserts that the juvenile court was divested of jurisdiction to issue the order because it had already granted the stipulation and certified the matter to the domestic relations court. However, the record shows that the court considered both requests — mother's motion to release father's SSDI benefits and the parties'

request for the court to approve their stipulation — at the same time. It granted both requests as part of the same written order and later certified that order to the domestic relations court. Thus, the juvenile court was not divested of jurisdiction to issue an order concerning the children's support.

## B. Terms of the Stipulation

¶ 13    We next consider father's contention that the juvenile court was precluded from considering mother's request to release his SSDI benefits by the terms of the parties' stipulation. We reject father's contention that the terms of the stipulation restricted the court's authority to consider mother's request. As previously discussed, the court considered both requests simultaneously. Moreover, parties may not preclude or limit the court's authority concerning child support. *In re Marriage of Miller*, 790 P.2d 890, 892-93 (Colo. App. 1990).

¶ 14    Nevertheless, we agree that the order contains conflicting provisions that cannot be reconciled. The court addressed the children's support by ordering father to release his SSDI benefits while at the same time adopting the parties' stipulation that child support would be addressed through the domestic relations case.

Because we are unable to reconcile these provisions, we reverse the judgment and remand the case for the court to reconsider whether child support will be determined in the dependency and neglect case or the domestic relations case. *See In re Marriage of Rozzi*, 190 P.3d 815, 822 (Colo. App. 2008) (recognizing that the court's order must contain findings of fact and conclusions of law sufficiently explicit to give an appellate court a clear understanding of the basis of its order); *cf. People in Interest of D.C-M.S.*, 111 P.3d 559, 562 (Colo. App. 2005) (rejecting a contention that a judgment had to be reversed when the trial court's findings were neither inconsistent nor contradictory).

## III. The UDMA and the Social Security Act

¶ 15    Because they will arise on remand, we address father's remaining contentions. He contends that the juvenile court erred by (1) failing to apply the child support provisions of the Uniform Dissolution of Marriage Act (UDMA); and (2) requiring him to name mother the payee of his SSDI benefits in violation of the Social Security Act (SSA). We agree with both contentions.

### A. Standard of Review and Statutory Interpretation

¶ 16      We review de novo whether the juvenile court applied the correct legal standard. *People in Interest of I.J.O.*, 2019 COA 151, ¶ 6. We also review questions of statutory interpretation de novo. *People in Interest of L.M.*, 2018 CO 34, ¶ 13.

¶ 17      In construing a statute, we look at the entire statutory scheme "in order to give consistent, harmonious, and sensible effect to all of its parts, and we apply words and phrases in accordance with their plain and ordinary meanings." *Id.* (quoting *UMB Bank, N.A. v. Landmark Towers Ass'n*, 2017 CO 107, ¶ 22). When construing statutes related to the same subject matter, we aim to avoid a statutory interpretation that would render certain words or provisions superfluous or ineffective. *Id.* Instead, we adopt an interpretation that achieves consistency across a comprehensive statutory scheme. *Id.*

### B. Determination of Child Support

#### 1. Legal Framework

¶ 18      Section 19-1-104(6) specifically authorizes a juvenile court that retains jurisdiction in a dependency and neglect case to "enter an order allocating parental responsibilities and addressing

parenting time and child support matters." It also permits the court to do so without requiring a party to initiate a separate domestic relations proceeding under the UDMA or a support proceeding under article 6 of the Children's Code. *People in Interest of E.M.*, 2016 COA 38M, ¶ 23, *aff'd on other grounds*, 2018 CO 34. However, the statute provides no guidance as to the standard or criteria the juvenile court should apply when determining child support. Therefore, we must look to other provisions of the Children's Code. *See People in Interest of H.K.W.*, 2017 COA 70, ¶¶ 14-16 (looking to the UDMA when the Children's Code did not contain a provision governing conducting an in camera interview with a child); *see also People in Interest of S.E.G.*, 934 P.2d 920, 921 (Colo. App. 1997) (recognizing that, when the Children's Code did not specify the criteria to be applied in entering permanent parenting time orders in a parentage action, it was appropriate to look to and apply the statute governing temporary orders).

¶ 19      In addition to having jurisdiction over a child who is dependent and neglected, the juvenile court has exclusive jurisdiction under article 6 of the Children's Code to issue orders to

determine parentage and to compel a parent to support a child. § 19-1-104(1)(e)-(f).

¶ 20    A division of this court considered whether a juvenile court in a nonpaternity, dependency and neglect proceeding could determine a child's paternity (or parentage) in *People in Interest of J.G.C.*, 2013 COA 171, ¶ 10.  The division held that it could, but that the juvenile court was required to follow the procedures outlined in the Uniform Parentage Act.  *Id.* at ¶ 11.

¶ 21    We perceive no reason to treat the juvenile court's authority to address child support matters any differently.  Article 6 authorizes the juvenile court to enter an order directing a parent or other legally responsible person to support a child or children. §§ 19-6-101(1)(a), 19-6-104(1), C.R.S. 2019.  It also permits the court to enter a child support order for a time period that preceded the entry of the support order.  § 19-6-104(1).

¶ 22    The court may order child support as is reasonable under the circumstances, taking into consideration the factors under section 19-4-116(6), C.R.S. 2019.  § 19-6-104(1).  Section 19-4-116(6), in turn, requires the court to consider all relevant facts in determining child support, including the following:

- the child's needs;

- the standard of living and circumstances of the parents;

- the relative financial means of the parents;

- the earning ability of the parents;

- the child's need and capacity for education, including higher education;

- the child's age;

- the child's financial resources and earning ability;

- the responsibility of the parents for the support of others;

- the value of services contributed by the parent with whom the child resides most of the time;

- the standard of living the child would have enjoyed had the parents been married; and

- the child support guidelines, as set forth in section 14-10-115 of the UDMA.

¶ 23 Furthermore, section 19-6-106 expressly requires the juvenile court to follow the provisions of section 14-10-115 when determining a child support obligation under article 6. And section 14-10-115 of the UDMA contains a reciprocal provision addressing

11

its applicability to support proceedings under the Children's Code. It provides that the child support guidelines apply to all child support obligations that are established or modified as part of any proceeding, including article 6 of the Children's Code. § 14-10-115(1)(c).

¶ 24    Accordingly, we hold that when the juvenile court determines child support in a dependency and neglect proceeding, it must follow the provisions for establishing child support orders under article 6 of the Children's Code.

## 2.  Application

¶ 25    In determining that father should be required to support the children by releasing his SSDI benefits to mother, the court identified three factors.  First, father had regularly used his $650 monthly benefit to support the children until October 2019. Second, although mother was employed, she struggled to support the children without access to father's SSDI benefits.  Third, father did not need this benefit for support because he was incarcerated.

¶ 26    However, the court did not consider relevant facts related to the children's needs or the children's financial resources and earning abilities.  And, significantly, the court did not consider the

child support guidelines under section 14-10-115.  Therefore, we reverse the portion of the order requiring father to release his SSDI benefits to mother and to restore mother as the payee of the benefits.

## C.  Violation of the SSA

### 1.  Necessity of Review and Preservation

¶ 27     Father contends that the juvenile court's order requiring him to name mother as the payee of his SSDI benefits violates federal law.  He concedes that he did not raise this legal issue in the juvenile court.  Nonetheless, it may be appropriate to consider questions of pre-emption of federal law for the first time on appeal. *See Fuentes-Espinoza v. People*, 2017 CO 98, ¶¶ 1, 19 (choosing to address a pre-emption question that the division of the court of appeals had determined was unpreserved); *see also Town of Carbondale v. GSS Props., LLC*, 169 P.3d 675, 682-83 (Colo. 2007) (recognizing that a pre-emption defense may be waivable when it involves the law to be applied by the court, but that pre-emption involving federal law may raise a separate set of issues, including, for example, the application of the Federal Supremacy Clause).  For these reasons, we will review father's argument.

## 2. Standard of Review and the SSA

¶ 28     We review de novo whether the provision of the order requiring father to designate mother as the payee of his SSDI benefits conflicts with the SSA and thereby violates the Supremacy Clause of the United States Constitution. *See In re Marriage of Anderson,* 252 P.3d 490, 493 (Colo. App. 2010); *see also People in Interest of C.Z.,* 2015 COA 87, ¶ 10.

¶ 29     When a person becomes disabled, he or she may receive SSDI benefits under the SSA. 42 U.S.C. § 423(a)(1) (2018); *In re Marriage of Anthony-Guillar,* 207 P.3d 934, 938 (Colo. App. 2009). In some cases, SSDI benefits are paid directly to the beneficiary. *In re Guardianship of Smith,* 17 A.3d 136, 140 (Me. 2011). In other cases, payments can be made to a duly certified fiduciary — known as a representative payee — for the beneficiary's use and benefit. *Id.*

¶ 30     SSDI benefits constitute income for child support purposes. § 14-10-115(5)(a)(I)(P); *see also* 42 U.S.C. § 659(a) (2018). And the federal government has consented to SSDI benefits being withheld, garnished, or subjected to another similar proceeding to enforce the

legal obligation of the individual to provide child support.  42 U.S.C. § 659(a).

¶ 31     However, no provision of the SSA permits a state court to determine who should serve as the representative payee.  Rather, the SSA tasks the Commissioner of Social Security with investigating and determining whether an individual receiving SSDI benefits should have a representative payee and, if so, who should serve as the payee.  *State in Interest of W.B.*, 755 So. 2d 281, 282 (La. Ct. App. 1999); *see also* 42 U.S.C. § 405(j)(1)(A), (2)(A)(i)-(ii) (2018); 20 C.F.R. § 416.610 (2019) (reciting the principles and procedures that the administration follows in determining whether to make representative payment and in selecting a representative payee).  The individual who receives the benefit may also designate an individual as a representative payee.  42 U.S.C. § 405(j)(1)(C)(i). But this occurs when the administration determines that payment will be made to a representative payee.  20 C.F.R. § 416.618(a)(2) (2019).

¶ 32     Once appointed, representative payees are subject to detailed regulations governing the use of SSDI benefits.  *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S.

371, 376 (2003); *see also Smith*, 17 A.3d at 140; 20 C.F.R. §§ 416.635, 416.640, 416.645 (2019). A representative payee is required to use the benefit payments solely for the beneficiary's use and benefit in a manner and for the purposes that the representative payee determines to be in the beneficiary's best interests. 20 C.F.R. § 404.2035(a) (2019); *see also In re Ryan W.*, 76 A.3d 1049, 1053 (Md. 2013). And payees must abide by "a system of accountability monitoring" under which they are forbidden from "misus[ing]" an individual's benefit payments in any way and must submit a report at least once per year with respect to the use of such payments. *See Smith*, 17 A.3d at 140 (quoting 42 U.S.C. § 405(j)(3)(A), (7)(A)); *see also* 20 C.F.R. §§ 416.625, 416.665 (2019).

¶ 33     Taken together, these provisions establish that a juvenile court lacks the authority to determine who a parent must designate as the representative payee for his or her SSDI benefits. *See W.B.*, 755 So. 2d at 282 (recognizing that a request to change the representative payee is a question for the Social Security Administration with possible review by the federal courts); *see also Ryan W.*, 76 A.3d at 1061 (concluding that the juvenile court did

not have authority under Maryland law to monitor the allocation of social security benefits by a representative payee).

¶ 34    Accordingly, we vacate the portion of the order requiring father to designate mother as the representative payee for his SSDI benefits.

## IV. Conclusion

¶ 35    The child support portion of the judgment is reversed, and the case is remanded to the juvenile court. On remand, the juvenile court must vacate the provision of the order requiring father to designate mother as the representative payee of his SSDI benefits. The court must also either redetermine child support, based on the criteria under sections 14-10-115 and 19-4-116(6), or certify the issue into the parties' domestic relations case.

JUDGE TERRY and JUDGE LIPINSKY concur.