24CA1831 Peo in Interest of AEM 04-24-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1831
Pueblo County District Court No. 23JV30262
Honorable William D. Alexander, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of A.E.M., a Child,

and Concerning K.M.,

Appellant.

---

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE LIPINSKY
Johnson and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 24, 2025

---

Cynthia Mitchell, County Attorney, David A. Roth, Special Assistant County Attorney, Pueblo, Colorado, for Appellee

Alison A. Bettenberg, Guardian Ad Litem

The Morgan Law Office, Kristofr P. Morgan, Colorado Springs, Colorado, for Appellant

¶ 1    K.M. (mother) appeals the judgment terminating her parent-child legal relationship with A.E.M. (the child). We affirm.

## I.    Background

¶ 2    The Pueblo County Department of Human Services (the Department) received a report that mother and the child tested positive for controlled substances at birth. A hospital staff member informed the caseworker that the child exhibited withdrawal symptoms, such as an "increase in tone" and jitteriness. During the caseworker's initial meeting with mother, mother described her history of substance use and said she had smoked methamphetamine and taken a fentanyl pill one week before the child's birth. Based on the information in the caseworker's report, the Department filed a petition in dependency or neglect.

¶ 3    The juvenile court adjudicated the child dependent and neglected and adopted a treatment plan for mother. Although mother initially participated in the case, during the final ten months of the proceedings, she stopped communicating with her attorney and the Department, and she missed several court appearances.

1

¶ 4     The Department moved to terminate mother's parental rights under subsections (1)(a) and (1)(c) of section 19-3-604, C.R.S. 2024. After a hearing, the juvenile court terminated mother's parental rights under both subsections.

¶ 5     In its ruling from the bench, the court found "the child has been adjudicated dependent [and] neglected and abandoned" by mother, and mother "surrendered physical custody of the child for a period of six months or more and has not manifested during such a period the firm intention to resume physical custody of the child or make permanent legal arrangements for the care of the child." The court further found there was an appropriate treatment plan for mother, but that she had not "reasonably complied with [it] or has not been successful."

¶ 6     Further, in its oral ruling, the court noted that mother

- "ha[d] not attended visits with the child as set forth in the treatment plan without good cause";

- "exhibit[ed] the same problems addressed in the treatment plan without adequate improvement, including but not limited to improvement in the relationship with the child";

- was "unable or unwilling to provide nurturing and safe parenting sufficiently adequate to meet the child's physical, emotional, and mental health needs and conditions, despite the earlier intervention and treatment for the family"; and

- was unfit and that her conduct or condition was "unlikely to change within a reasonable period of time."

## II. Applicable Law

¶ 7    Section 19-3-604 sets forth "three separate bases under which the court may terminate the parent-child legal relationship following a child's adjudication as dependent and neglected." *People in Interest of L.M.*, 2018 COA 57M, ¶ 19, 433 P.3d 114, 118. Two of those grounds are relevant to this appeal.

¶ 8    First, the relationship may be terminated if (1) the child has been adjudicated dependent or neglected; (2) the parent has surrendered physical custody of the child for six or more months; and (3) the parent has not manifested the firm intention to resume physical custody or make permanent legal arrangements for the care of the child. § 19-3-604(1)(a)(I). Second, the relationship may be terminated if (1) the child has been adjudicated dependent or

3

neglected; (2) an appropriate treatment plan has not been reasonably complied with or has not been successful; (3) the parent is unfit; and (4) the conduct or condition of the parent is unlikely to change within a reasonable time. § 19-3-604(1)(c).

### III. Analysis

¶ 9     Mother does not challenge the juvenile court's findings at the termination hearing that she abandoned the child under section 19-3-604(1)(a). Rather, she alleges that the juvenile court erred by terminating her parental rights under section 19-3-604(1)(c) because (1) the Department did not make reasonable efforts to reunify her with the child and (2) the court failed to consider less drastic alternatives to termination. We discern no basis for reversal.

¶ 10     As noted, mother does not address the court's decision to terminate mother's parental rights on the grounds that mother abandoned the child. When a juvenile court terminates parental rights based on abandonment under section 19-3-604(1)(a), the court need not consider whether the department of social services made reasonable efforts to rehabilitate the parent. *See People in Interest of S.Z.S.*, 2022 COA 133, ¶ 37, 524 P.3d 1209, 1218 ("[A]

4

court can make an abandonment finding under subsection (1)(a) regardless of whether a treatment plan was adopted or services were provided.").

¶ 11 In any event, the court expressly found that the Department made reasonable efforts "to reunite this family" but that such "efforts have been unsuccessful." The record supports the court's findings. Contrary to mother's argument that the Department failed to provide her with family time with the child, the Department offered mother a number of opportunities to attend in-patient treatment for substance abuse and to have the child placed with her at the treatment facility after she had demonstrated a period of successful engagement in the program. Although mother entered in-patient treatment on several occasions, she left the treatment program each time.

¶ 12 Thus, even if the Department's reasonable efforts to reunify the family were relevant in abandonment cases, such as this one, the record supports the court's finding that the Department made reasonable efforts to reunify mother with the child.

¶ 13 Similarly, the requirement that a court consider less drastic alternatives to termination does not apply to abandonment cases.

*See People in Interest of A.M. v. T.M.*, 2021 CO 14, ¶ 19, 480 P.3d 682, 687 (noting that consideration of less drastic alternatives is implicit in the termination criteria under section 19-3-604(1)(c)); *People in Interest of M.M.*, 726 P.2d 1108, 1122-23 (Colo. 1986) (describing how consideration of less drastic alternatives is germane to the subsection (1)(c) analysis).

¶ 14    Even so, the record shows that the Department also considered less drastic alternatives to termination.  Although the child was initially placed with maternal grandmother in Huerfano County, two weeks later, the county's Department of Human Services removed the child from that home after finding him in a car seat with "a soiled bottle, soiled diaper, cigarette burns on his blanket, [and] dirty clothing."  The Department was subsequently unable to find a viable relative who could provide for the child.  Mother did not identify any such relative.  *See People in Interest of M.T.*, 121 P.3d 309, 314 (Colo. App. 2005) (A department of social services "is not responsible for ferreting out and investigating relatives who have not been identified as placement alternatives.").

¶ 15    Furthermore, our analysis would not change even if mother had identified such a relative.  In determining whether there is a

6

less drastic alternative to termination, the court must decide whether there is a legal alternative, such as a guardianship or an allocation of parental responsibilities, that meets the child's best interests. *See A.M.*, ¶ 27, 480 P.3d at 688 ("[I]f a proposed alternative to termination is to be deemed viable, it must not only be adequate, it must be in the child's best interests."). Here, the juvenile court concluded that termination was in the child's best interest based on its finding that continued contact between mother and the child was likely to result in "grave risk" to the child. *See People in Interest of A.R.*, 2012 COA 195M, ¶ 38, 310 P.3d 1007, 1016 ("In determining whether placement with a relative or other person is a viable less drastic alternative to termination, the court may consider . . . whether an ongoing relationship with the parent would be beneficial or detrimental to the child.").

¶ 16    In sum, mother's appeal fails because she does not challenge the court's determination that her abandonment of the child supports termination of the parent-child relationship under section 19-3-604(1)(a). *See People in Interest of D.C-M.S.*, 111 P.3d 559, 561 (Colo. App. 2005); *S.Z.S.*, ¶ 30 & n.2, 524 P.3d at 1217 & n.2 (rejecting a parent's challenge to termination under section

19-3-604(1)(a) based on the department's lack of reasonable efforts where the parent did not "challenge the sufficiency of the evidence supporting termination under subsection (1)(a)").

## IV. Disposition

¶ 17    The judgment is affirmed.

JUDGE JOHNSON and JUDGE MOULTRIE concur.