24CA2102 Peo in Interest of LOW 05-29-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA2102
Jefferson County District Court No. 23JV30170
Honorable Lindsay Van Gilder, Judge

---

The People of the State of Colorado,

Petitioner,

In the Interest of L.O.W., a Child,

and Concerning L.T.W.,

Appellant.

---

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE TOW
Yun and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 29, 2025

---

Kimberly S. Sorrells, County Attorney, Sarah Oviatt, Senior Assistant County Attorney, Golden, Colorado, for Petitioner

Robert G. Tweedell, Guardian Ad Litem

Patrick R. Henson, Office of Respondent Parents' Counsel, Justin Twardowski, Office of Respondent Parents' Counsel, Denver, Colorado, for Appellant

¶ 1     L.T.W. (mother) appeals the judgment allocating parental responsibilities for L.O.W. (the child).  In particular, she challenges the amount of overnight family time awarded to B.S. (father).  We affirm.

## I.     Background

¶ 2     The Jefferson County Division of Children, Youth and Families (the Division) filed a petition in dependency and neglect regarding the then-newborn child due to concerns about the parents' substance use.  The juvenile court granted temporary legal custody to the Division, and the child was placed with maternal grandparents.

¶ 3     The juvenile court adjudicated the child dependent and adopted treatment plans for the parents.  The parents' treatment plans required them to demonstrate sobriety as well as an ability to meet the child's physical, emotional, and developmental needs.  Father's treatment plan also required him to create an environment for the child that is free of violence.

¶ 4     About six months later, the Division filed a motion for allocation of parental responsibilities (APR) to maternal grandparents.  However, after father demonstrated continued

sobriety, the Division withdrew the motion so the parties could work toward returning the child home to father. Less than two weeks later, father had positive drug tests and missed group sessions, leading the Division to request that father's parenting time be supervised.

¶ 5 The Division then refiled the APR motion. Before the hearing on this motion, the parties reached an agreement that (1) maternal grandparents would have joint decision-making responsibility and primary residential care; (2) father's family time would be supervised by paternal grandmother; (3) mother's family time would be supervised by maternal grandparents; (4) the supervising grandparent could ask the parent to leave if he or she appeared to be under the influence or unsafe to the child in any way; and (5) if father were to become incarcerated, paternal grandmother would have one overnight per week.

¶ 6 The only disputed issue was whether father's family time with the child should include two or three overnights per week. Following the hearing, the juvenile court awarded father three overnights per week.

## II.     Discussion

¶ 7     Mother asserts the juvenile court erred by granting father three overnights with the child.  We disagree.

### A.     Applicable Law and Standard of Review

¶ 8     The Children's Code authorizes a juvenile court to enter an APR when it maintains jurisdiction in a case involving a dependent and neglected child.  § 19-1-104(5)-(6), C.R.S. 2024; *People in Interest of E.Q.*, 2020 COA 118, ¶ 10.  When doing so, a juvenile court must consider the legislative purposes of the Children's Code under section 19-1-102, C.R.S. 2024.  *See People in Interest of A.S.L.*, 2022 COA 146, ¶ 12.  The overriding purpose of the Children's Code is to protect a child's safety and welfare by providing procedures to serve the child's best interests.  *L.G. v. People*, 890 P.2d 647, 654 (Colo. 1995).  Consequently, the court must allocate parental responsibilities in accordance with the child's best interests.  *L.A.G. v. People in Interest of A.A.G.*, 912 P.2d 1385, 1391 (Colo. 1996).

¶ 9     The allocation of parental responsibilities is a matter within the juvenile court's discretion.  *See In re Parental Responsibilities Concerning B.R.D.*, 2012 COA 63, ¶ 15.  A juvenile court abuses its

discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or is based on a misapplication of the law. *People in Interest of M.W.*, 2022 COA 72, ¶ 12. It is for the court, as the trier of fact, to determine the sufficiency, probative effect, and weight of the evidence, and to assess the credibility of witnesses. *People in Interest of A.J.L.*, 243 P.3d 244, 249-50 (Colo. 2010). And when the juvenile court's findings have record support, its resolution of conflicting evidence is binding on review. *B.R.D.*, ¶ 15. But whether the court applied the correct legal standard in making its findings is a question of law that we review de novo. *People in Interest of N.G.G.*, 2020 COA 6, ¶ 10.

## B. Analysis

¶ 10     As part of the APR judgment, the juvenile court found that it was in the child's best interests to have three overnights per week with father. The court focused on the importance of the child's bond with both parents; the love and care she received from both families; and the benefit to the child of maintaining consistency in her schedule.

¶ 11     The evidence supports these findings. The caseworker testified that three overnights with father had been the child's

schedule for over three months and was part of her routine. The Division's family services plan, admitted into evidence, reflected that (1) the child had a routine in father's household; (2) father took the child to various activities when they were together; (3) father had a strong bond with the child; and (4) father ensured the child's needs were met during their time together. The caseworker further testified that the child was appropriately loved and cared for during father's family time and that she deserved to continue to develop her bond with father as much as possible. Thus, the caseworker did not believe it was in the child's best interests to reduce her time with father.

¶ 12 Mother asserts that, considering concerns about father's pending criminal charges, sobriety, and domestic violence, it is "likely" he will soon be incarcerated. Therefore, mother contends, two overnights would cause less disruption for the child should her schedule change due to father's incarceration. The Division's family services plan referenced father's "pending criminal matters" and the caseworker testified that it was "possible" father could be sentenced to some jail time. However, there was no other evidence regarding father's criminal matters, including any evidence supporting

mother's claim that she expected father to face jail time due to domestic violence concerns. Additionally, there was no evidence that jail time for father was likely or imminent. *See id.* at ¶ 29 (the court's determination of a child's best interests must be based on circumstances existing at the time of the proceeding); *see also DiCocco v. Nat'l Gen. Ins. Co.,* 140 P.3d 314, 316 (Colo. App. 2006) (appellate courts do not address "uncertain or contingent future matters").

¶ 13    Mother further contends that, considering father's substance abuse, it is "very likely" that he would parent the child while under the influence. However, as detailed above, regardless of whether father has two or three overnights, all his family time is to be supervised by paternal grandmother. Mother agreed to paternal grandmother supervising father's family time. And she did not present any evidence that paternal grandmother had failed to properly supervise father or allowed him to exercise family time while under the influence. As a result, the juvenile court found, with record support, that paternal grandmother was an "appropriate and protective" supervisor.

¶ 14    Considering all the evidence presented, the court found the family time schedule to be in the child's best interests. *See People in Interest of S.Z.S.*, 2022 COA 133, ¶ 29 (recognizing that we may not reweigh the court's resolution of conflicting evidence). Because the record supports the juvenile court's findings, we decline to disturb them. *See People in Interest of A.M.K.*, 68 P.3d 563, 565 (Colo. App. 2003). And because, in light of those facts, allocating three weekly overnights of parenting time to father was neither a misapplication of the law nor manifestly arbitrary, unreasonable, or unfair, the juvenile court did not abuse its discretion. *See M.W.*, ¶ 12.

### III.    Disposition

¶ 15    The judgment is affirmed.

JUDGE YUN and JUDGE SULLIVAN concur.