25CA1076 Peo in Interest of ZG 02-05-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1076
El Paso County District Court No. 22JV30126
Honorable Lin Billings Vela, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of Z.G., E.G., Cay.G., and Cal.G., Children,

and Concerning M.G-G. and C.G.,

Appellants.

---

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE FOX
Kuhn and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 5, 2026

---

Kenny Hodges, County Attorney, Melanie E. Gavisk, Assistant County Attorney, Mathew Feldman, Assistant County Attorney, Colorado Springs, Colorado, for Appellee

Josi McCauley, Guardian Ad Litem

Patrick R. Henson, Office of Respondent Parents' Counsel, Chealsea A. Carr, Office of Respondent Parents' Counsel, Denver, Colorado, for Appellant M.G-G.

Ainsley E. Baum, Office of Respondent Parents' Counsel, Denver, Colorado, for Appellant C.G.

¶ 1     In this dependency and neglect action, M.G-G. (mother) and C.G. (father) appeal the judgment terminating their parent-child legal relationships with Z.G., E.G., Cay.G., Cal.G. (the children). We affirm.

## I.     Background

¶ 2     The El Paso County Department of Human Services (the Department) filed a petition in dependency and neglect raising concerns about mother's and father's substance dependence and the living conditions in the home.  Shortly after, E.G., Cay.G., Cal.G., and a sibling were returned to mother's custody under a safety plan.  While the children were back in the home, mother gave birth to Z.G.  The Department filed an amended petition, adding newborn Z.G. and alleging that she was hospitalized at two months old due to extreme malnutrition.  The children were again removed from mother's care and custody and remained in out-of-home placement for the remainder of the case.

¶ 3     The juvenile court adjudicated the children dependent and neglected and adopted treatment plans for both parents.  In separate criminal cases based on the same underlying facts as the amended petition, both parents then pleaded guilty to child abuse

resulting in serious bodily injury to Z.G.  The Department later moved to terminate both parents' parental rights under section 19-3-604(1)(b)(II) and (IV), C.R.S. 2025 (no appropriate treatment plan due to serious bodily injury of the child and serious bodily injury to a sibling), and 19-3-604(1)(c) (an appropriate treatment plan has not been reasonably complied with, the parent is unfit and the parent's conduct or condition is unlikely to change in a reasonable period of time).

¶ 4     Three years after the petition was filed, the juvenile court terminated mother's and father's parental rights following a contested hearing.

## II.     Analysis

¶ 5     Mother and father contend that the juvenile court erred by modifying their dispositional orders to find that no appropriate treatment plan could be devised, notwithstanding the fact that the court had previously adopted treatment plans for them both.  We disagree.

¶ 6     It is well settled that a court may "find that no appropriate treatment plan can be devised for a parent after it has already approved a treatment plan for the parent."  *People in Interest of*

*Z.P.S.*, 2016 COA 20, ¶ 19.  And while "changed circumstances may render a treatment plan, previously approved at a dispositional hearing, no longer appropriate," our jurisprudence is clear that "the court's authority to modify the dispositional order is not limited to those situations in which circumstances have changed."  *Id.* at ¶¶ 26, 32.

¶ 7     Mother also generally suggests that the court erred by terminating their parental rights under both section 19-3-604(1)(b) and (c), asserting that the court improperly conflated the two standards.  We discern no error.  Mother and father received notice that the Department sought termination under both paragraphs, and the court separately applied the two paragraphs in different parts of its termination order.  *See Z.P.S..* ¶ 43; *see also People in Interest of D.C-M. S.*, 111 P.3d 559, 561 (Colo. App. 2005) (no error where the motion to terminate alleged multiple statutory grounds as the basis for termination).

¶ 8     Father also contends that the juvenile court erred by recognizing a nurse practitioner as an expert witness without following the procedure and making the four required findings under *People v. Shreck*, 22 P.3d 68 (Colo. 2001).  But father did not

make this argument at trial, where he did not raise *Shreck* and objected only to the qualifications of this specific witness. The juvenile court appropriately addressed father's objection by determining that the witness's qualifications went to weight and not admissibility. *See People in Interest of A.F.*, 2025 COA 76, ¶ 23 ("If a witness is sufficiently qualified to offer the proposed opinion, and the juvenile court so finds, any challenges to the witness's qualifications go to the weight of the testimony, not its admissibility."). Because the *Shreck* objections father raises on appeal were not presented to the juvenile court, we decline to address them. *See People in Interest of M.B.*, 2020 COA 13, ¶ 14; *People v. Ujaama*, 2012 COA 36, ¶ 37 (explaining that issues are unpreserved when the grounds raised on appeal are different from those raised below).

¶ 9    In any event, neither mother nor father contests the juvenile court's findings or conclusions terminating their parental rights under section 19-3-604(1)(c). Those findings are "an independent basis for termination," which remain unchallenged. *D.C-M.S.*, 111 P.3d at 562; *see also IBC Denv. II, LLC v. City of Wheat Ridge*, 183 P.3d 714, 717-18 (Colo. App. 2008) (if the tribunal gives multiple

reasons for its decision, the appellant must challenge each reason on appeal).

¶ 10    The judgment is therefore affirmed.

JUDGE KUHN and JUDGE SULLIVAN concur.